# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 16-1611

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

William B. Aossey, Jr.,

*Defendant - Appellant.*

———————————————

No. 16-1688

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Midamar Corporation,

*Defendant - Appellant.*

———————————————

No. 16-1761

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Jalel Aossey,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 23, 2016
Filed: April 14, 2017

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A grand jury charged Midamar Corporation, William Aossey, and Jalel Aossey with several criminal offenses arising from their sale of falsely labeled halal meat. The defendants moved to dismiss the indictment for lack of jurisdiction. Their theory was that Congress had reserved exclusive enforcement authority over the alleged statutory violations to the Secretary of Agriculture, and that the United States Attorney could not proceed against the defendants in a criminal prosecution. The district court[1] denied the motion, concluding that it was both untimely and incorrect on the merits.

Midamar Corporation and Jalel Aossey then pleaded guilty conditionally to one count of conspiracy to commit several offenses in connection with the scheme, while

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

reserving the right to appeal the denial of their motion to dismiss. William Aossey proceeded to trial, and a jury convicted him of conspiracy, making false statements on export certificates, and wire fraud. The defendants appeal the district court's denial of their motion to dismiss for lack of jurisdiction. The government does not assert that the motion was untimely, but defends the district court's decision on the merits, and we affirm.

I.

Midamar Corporation sells and distributes halal-certified meat and other food products in the United States and internationally. William Aossey founded Midamar in 1974; in 2007, he transferred ownership of Midamar to his sons, Jalel and Yahya Aossey. The United States Department of Agriculture regulates the company, and Midamar's meat labeling is governed by the Federal Meat Inspection Act. 21 U.S.C. § 601, *et seq.* Under the Act, the Food Safety and Inspection Service is responsible for the inspection and oversight of meat packaging and labeling.

In February 2010, the USDA Office of Program Evaluation, Enforcement, and Review started an investigation into Midamar and its labeling practices. The Office concluded that between April 2007 and January 2010, Midamar employees, under the direction and supervision of the owners and managers, knowingly forged and falsified USDA export documents and certificates for shipments of purported halal beef. As a result of this investigation, the Inspection Service withdrew its services from Midamar. This withdrawal temporarily prevented Midamar from exporting meat products from its own facility. After Midamar proposed corrective and preventative measures, the Inspection Service gave notice in July 2011 that it intended to reinstate services for the company.

Three years later, the government obtained an indictment against the defendants. A grand jury charged Midamar, Jalel Aossey, and others with conspiracy

to make and use false statements, sell misbranded meat, and commit mail and wire fraud, in violation of 18 U.S.C. § 371. The indictment also charged them with making false statements on export certificates, in violation of 21 U.S.C. § 611(b)(5), wire fraud, in violation of 18 U.S.C. § 1343, money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The grand jury charged William Aossey with the same violations in a separate indictment.

The defendants moved to dismiss, arguing that the district court lacked jurisdiction over the criminal case because the Meat Inspection Act gave the Secretary of Agriculture exclusive jurisdiction to address the specified violations. The district court denied the motion. Midamar and Jalel Aossey entered conditional guilty pleas, and William Aossey was convicted after a jury trial. The district court imposed sentences, and this appeal followed.

## II.

The issue joined on appeal is whether two provisions of the Meat Inspection Act, 21 U.S.C. §§ 674 and 607(e), removed this case from the district court's jurisdiction. Although we have upheld convictions based on violations of the Meat Inspection Act in previous cases, *e.g.*, *United States v. Jorgensen*, 144 F.3d 550 (8th Cir. 1998) (addressing misbranding in violation of 21 U.S.C. § 610), the jurisdictional argument advanced here has not been raised and decided, so we must consider it as an original matter. *See Fed. Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 97 (1994). We review the district court's conclusion on this legal issue *de novo*.

Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The grand jury charged the defendants with committing

such offenses, and the district court asserted jurisdiction under § 3231. Section 3231 is generally the "beginning and the end of the 'jurisdictional' inquiry," *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (quotation omitted), but Congress can remove the district courts' jurisdiction over criminal prosecutions if it makes a "clear and unambiguous expression of the legislative will." *United States v. Morgan*, 222 U.S. 274, 282 (1911). The question here, therefore, is whether Congress unambiguously limited the district court's jurisdiction.

The defendants contend that two sections of the Meat Inspection Act, 21 U.S.C. §§ 674 and 607(e), show that Congress removed these prosecutions from the jurisdiction of the district courts. Section 674 provides: "The United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, *except as provided in section 607(e) of this title*." Section 607(e), in turn, states that if the Secretary of Agriculture has reason to believe that a meat label is false or misleading, then the Secretary may direct that use of the label be withheld unless it is modified to conform to the Secretary's prescription. A person using the label may challenge the Secretary's determination by appealing to the United States Court of Appeals for the appropriate circuit.[2]

---

[2]Section 607(e) provides in full:

> If the Secretary has reason to believe that any marking or labeling or the size or form of any container in use or proposed for use with respect to any article subject to this subchapter is false or misleading in any particular, he may direct that such use be withheld unless the marking, labeling, or container is modified in such manner as he may prescribe so that it will not be false or misleading. If the person, firm, or corporation using or proposing to use the marking, labeling or container does not accept the determination of the Secretary, such person, firm, or corporation may request a hearing, but the use of the marking, labeling, or container shall, if the Secretary so directs, be withheld pending hearing and final determination by the Secretary. Any such

The defendants rely on the exception created in § 674 for matters described in § 607(e). They contend that when a party commits a violation concerning false or misleading labeling as described in § 607(e), the Secretary of Agriculture has exclusive authority to take enforcement action. On this view, the only remedy available to the government is an order of the Secretary to cease using false or misleading labels. Unless a party acts in contempt of an order of the Secretary, the argument goes, the United States Attorney may not prosecute a corporation for any false or misleading labeling violations under the Meat Inspection Act. The defendants then expand their argument to assert that the government also may not prosecute them for committing any other criminal offense, such as conspiracy or fraud, that arises from a set of facts involving false or misleading labels.

In our view, §§ 674 and 607(e) do not constitute a "clear and unambiguous expression" of the legislative will to deprive the district courts of jurisdiction over criminal prosecutions for violations of the Meat Inspection Act and related violations. Section 674 grants the district courts jurisdiction over violations of the Act, and over all kinds of cases arising under the relevant statutes, with one exception. Under that exception, where the Secretary of Agriculture directs a party to withhold use of a label, the party may appeal the Secretary's determination to the court of appeals rather than the district court. But Congress's choice to channel administrative appeals to the courts of appeals does not address the separate question whether administrative action is the *only* enforcement tool available to the Executive in this context. As the Supreme Court explained in *Morgan*, "[r]epeals by implication are not favored, and

---

determination by the Secretary shall be conclusive unless, within thirty days after receipt of notice of such final determination, the person, firm, or corporation adversely affected thereby appeals to the United States court of appeals for the circuit in which such person, firm, or corporation has its principal place of business or to the United States Court of Appeals for the District of Columbia Circuit. The provisions of section 194 of Title 7 shall be applicable to appeals taken under this section.

-6-

there is certainly no presumption that a law passed in the interest of public health was to hamper district attorneys, curtail the powers of grand juries, or make them, with evidence in hand, halt in their investigation and await the action of the Department." 222 U.S. at 281-82.

The statute does not include a "clear and unambiguous expression" that Congress intended for the Secretary to have exclusive authority over false or misleading meat labeling. The better reading is that § 607(e) provides an administrative enforcement mechanism for the Secretary of Agriculture that supplements the authority of the United States Attorneys to pursue criminal prosecutions in the district courts. Congress thus afforded the Executive two independent avenues to address false or misleading meat labeling. The exception to the jurisdiction of the district courts in § 674 establishes only that administrative appeals are routed to the courts of appeals. Here, the Secretary did not act under § 607(e), and the United States Attorney properly proceeded in the district court pursuant to § 3231. The district court did not err in denying the motion to dismiss.

\* \* \*

The judgment of the district court is affirmed.

_____